UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY BENOIST, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:22 CV 867 CDP |
| | ) | |
| GEICO CASUALTY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This newly removed case is before me for review of subject-matter jurisdiction.   Plaintiffs Ashley and Phillip Benoist brought this action in the Circuit Court of St. Louis County, Missouri, alleging that defendants Geico Casualty Company and Homesite Insurance Company of Midwest breached their policy of insurance and vexatiously refused to pay on the Benoists' claim of loss to their residential property caused by roof damage and wet rot.   With Geico's consent, Homesite removed the action to this Court on August 19, 2022, invoking diversity jurisdiction under 28 U.S.C. § 1332.

I have reviewed the Benoists' State-court petition and Homesite's notice of removal and find that neither provides an adequate statement of either defendant's citizenship.   Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be

a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"   A proper statement of citizenship for corporate defendants must therefore include the corporation's place of incorporation and its principal place of business.   *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).   Here, the Benoists' petition and Homesite's notice of removal identify both defendants only as "foreign" corporations that are authorized to do business in Missouri.   (ECF 1 at ¶¶ 3, 4; ECF 1-1 at ECF ¶¶ 2, 3.)   Neither adequately alleges the place of incorporation and principal place of business of either defendant.

I am therefore unable to determine if this Court has subject-matter jurisdiction over this action.   I will give Homesite seven days to amend its notice of removal to properly allege this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to State court for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that **within seven (7) days of the date of this Order**, defendant Homesite Insurance Company of Midwest shall file an amended notice of removal properly alleging this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action

being remanded to State court for lack of Federal subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2022.