UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY BENOIST, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22 CV 867 CDP |
| ) | |
| GEICO CASUALTY COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Ashley Benoist and Phillip Benoist bring this action alleging that defendants GEICO Casualty Company and Homesite Insurance Company of Midwest breached a policy of homeowner's insurance when they failed to provide full coverage for a claimed loss under the policy. Plaintiffs also claim that defendants' refusal to cover the claim and pay full damages was vexatious under Mo. Rev. Stat. §§ 375.296, 375.420. GEICO Casualty moves for judgment on the pleadings under Rule 12(c), Federal Rule of Civil Procedure. Because GEICO Casualty is not a party to the relevant policy, I will grant its motion.

**Legal Standard**

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), I must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the

plaintiffs, drawing all inferences in their favor. *Wishnatsky v. Rovner,* 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal quotation marks and citation omitted).

I review a motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss. *See Clemons v. Crawford,* 585 F.3d 1119, 1124 (8th Cir. 2009). Therefore, I consider all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Although a complaint need not contain "detailed factual allegations," it must contain sufficient factual allegations "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

In addition to the complaint, I may consider exhibits that are attached to the complaint as well as materials necessarily embraced by the complaint, without having to convert the motion to one for summary judgment. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ryan v. Ryan*, 889

F.3d 499, 505 (8th Cir. 2018).  Materials necessarily embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Ryan*, 889 F.3d at 505 (internal quotation marks and citations omitted).  Upon review of the complaint here, I consider the insurance policy at issue to be material necessarily embraced by and consistent with the complaint.  Accordingly, on this motion for judgment on the pleadings, I consider that policy submitted on the motion as well as the allegations in the complaint.

## Discussion

Plaintiffs are unable to recover against defendant GEICO Casualty on their claims of breach of contract and vexatious refusal to pay because GEICO Casualty is not a party to the policy they allege was breached.  *See United Fire & Cas. Co. v. Gravette*, 182 F.3d 649, 658 (8th Cir. 1999) (any claim or suit must be based on policy between the parties).  Plaintiffs purchased the relevant policy through GEICO Insurance Agency, Inc., and the policy was issued and underwritten by Homesite Insurance Company of the Midwest.  (*See* ECF 26-2.)  GEICO Casualty is a different entity than GEICO Insurance Agency, the entity associated with the relevant policy.  GEICO Casualty is a Delaware corporation with its principal place of business in Delaware.  (*See* ECF 11, ¶ 3.)  GEICO Insurance Agency, Inc., is a Maryland corporation with its principal place of business in Maryland.  *See*

*Purington v. GEICO Ins. Agency, Inc.*, No. CV-19-01469-PHX-SMB, 2019 WL 12338047, at *2 (D. Ariz. Oct. 10, 2019).  *See also Howard v. Geico Ins. Agency Inc.*, No. CV 6:21-3840, 2022 WL 3093869, at *1 (W.D. La. Aug. 3, 2022) (Geico Insurance Agency is a different entity from Geico Casualty Company).

Because no contract of insurance exists between GEICO Casualty and plaintiffs, plaintiffs' allegations that GEICO Casualty breached its contract or vexatiously refused to pay on it fail to state a plausible claim for relief, and GEICO Casualty Company is entitled to judgment on the pleadings.  *Cf. Cravens v. Smith*, No. 1:05CV86 FRB, 2005 WL 1702821, at *2 (E.D. Mo. July 20, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that defendant GEICO Casualty Company's Motion for Judgment on the Pleadings [25] is **GRANTED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2022.